PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE M. CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
WALTER DELSON

*Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER DELSON, | Case No. C11-03781 MEJ |
| Plaintiff, | Civil Rights |
| v. | **CONSENT DECREE AND** ~~[PROPOSED]~~ **ORDER AS TO INJUNCTIVE RELIEF ONLY** |
| CYCT MANAGEMENT GROUP, INC.; KINGS TRIUMPH, LLC; LINDA YU- LING TU TRUST; LALEH HERAVI dba Fondue Fred; and DOES 1-10, Inclusive, | |
| Defendants. | |

LOW BALL & LYNCH
LAURA FLYNN, ESQ. (State Bar No. 148511)
505 Montgomery Street, 7th Floor
San Francisco, California 94111
Telephone: 415/981-6630
Facsimile: 415/982-1634

Attorneys for Defendants
CYCT MANAGEMENT GROUP, INC.;
KINGS TRIUMPH, LLC; and
LINDA YU- LING TU TRUST

SCHEER LAW GROUP, LLP
JONATHAN SEIGEL, ESQ. (State Bar No. 168224)
155 N. Redwood Drive, Suite 100

San Rafael, California 94903
Telephone: 415/491-8900
Facsimile: 415/491-8910

Attorneys for Defendant
LALEH HERAVI dba Fondue Fred

1.      Plaintiff WALTER DELSON filed a Complaint in this action on

August 1, 2011 to obtain recovery of damages for his discriminatory experiences,

denial of access, and denial of his civil rights, and to enforce provisions of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and

California civil rights laws against defendants  CYCT MANAGEMENT GROUP,

INC.; KINGS TRIUMPH, LLC; LINDA YU- LING TU TRUST; LALEH

HERAVI dba Fondue Fred (together sometimes "Defendants"), relating to the

condition of Defendants' public accommodations as of February 20, 2011, and

continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and

sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections

19955 *et seq.* of the California Health & Safety Code by failing to provide full and

equal access to their facilities at 2556 Telegraph Ave., Berkeley, California.

2.      Plaintiff and Defendants (together sometimes the "Parties") hereby

enter into this Consent Decree and Order for the purpose of resolving injunctive

relief aspects of this lawsuit without the need for protracted litigation.  Issues of

damages and attorneys' fees, costs, and expenses will be the subject of further

negotiations and litigation if necessary.  This Consent Decree and Order is not an

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-3781 MEJ

admission of liability on behalf of Defendants.  Defendants dispute that the injunctive relief is mandated by the provisions of the ADA, the California Civil Code, and/or the California Health & Safety Code.

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief and damages raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief and damages.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.    This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and damages that have arisen out of the subject Complaint.

6.    The Parties agree and stipulate that the corrective work will be performed in compliance with the applicable standards, codes, and regulations for disabled access, unless other standards are specifically agreed to in this Consent Decree and Order.

a)    **Remedial Measures:** Defendants will perform the following corrective work at the subject property, assuming the subject property is still a public accommodation as defined by the ADA:

i)    **Peter Margen Report.** A draft report by Plaintiff's access consultant, Peter Margen, is attached and incorporated herewith as **Attachment A.** Defendants CYCT MANAGEMENT GROUP, INC.; KINGS TRIUMPH, LLC; and LINDA YU- LING TU TRUST ("Landlord Defendants") agree to undertake Item Nos. 1.4 and 1.7 in **Attachment A.** Item No. 1.7 to be completed by January 4, 2013.  Defendant LALEH HERAVI dba Fondue Fred agrees to undertake Item Nos. 2.1, 2.2, 2.3, and 2.4 in **Attachment A.**

- 4 -

ii)     **Blake Street Entrance.**  Landlord Defendants agree to make the following changes to the Blake Street entrance: (1) install directional signage alerting patrons of the designated entrance at Telegraph Avenue and (2) install an "Emergency Exit Only" sign on the inside of the door.

iii)    **Path of Travel.**  Landlord Defendants agree to grind down and/or re-grout a 5'-wide designated accessible path of travel within the subject property from the public right of way to FinFine Ethiopian Restaurant and Fondue Fred Restaurant and between the two restaurants.  This designated accessible path of travel will be marked by a colored stain for the brick surface, unless the entire brick common area is grinded down and/or regrouted.  This work will be completed by January 4, 2013.

iv)     **Accessible Restroom.**  Subject to the ratification of this specific provision (paragraph 6.a.iv) by FinFine Ethiopian Restaurant, Landlord Defendants agree to make the following changes: (1) designate the restroom located in the FinFine Ethiopian Restaurant as the designated accessible restroom for the subject property; (2) update this restroom so that it is

- 5 -

compliant with California Title 24 Accessibility Standards and the Americans With Disabilities Accessibility Guidelines ("ADAAG") applicable in 1998; (3) install signage in all restaurants located within the subject property alerting patrons that the designated accessible restroom is located in FinFine Ethiopian Restaurant; (4) at times when FinFine Ethiopian Restaurant is closed but the restaurants located within the subject property are open, install temporary signage indicating that there are no accessible restrooms; and (5) by June 4, 2015, build an accessible restroom within the subject property that is fully compliant with all state and federal accessibility guidelines applicable at the time of construction.

v)      **Ramp to Existing Patron Restrooms.**  Landlord Defendants agree to remove the ramp leading to the existing patron restrooms on the east side of the subject property.

b)      **Timing of Injunctive Relief:**  Defendants will complete all work by September 4, 2012 unless otherwise specified hereinabove.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Plaintiff will have thirty (30) days

- 6 -

to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice.  If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court.  Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 120 days from the entry of this Consent Decree.

c)	Defendants will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided.   If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement.  If the Parties disagree, such fees shall be set by the Court.  Plaintiff agrees to provide Defendants, through their undersigned counsel, with at least 5 business days notice to cure any default under this Consent Decree & Order before seeking relief from the Court to obtain compliance with the terms of this Consent Decree & Order.

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-3781 MEJ

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.      The Parties have also reached an agreement regarding Plaintiff's claims for damages.  Defendant LALEH HERAVI shall pay to Plaintiff a total of three thousand dollars and no cents ($3,000) and defendants CYCT MANAGEMENT GROUP, INC.; KINGS TRIUMPH, LLC; and LINDA YU-LING TU TRUST shall pay to Plaintiff a total of twelve thousand dollars and no cents ($12,000).  These checks are to be made out to "PAUL L. REIN IN TRUST FOR WALTER DELSON."  Payment of all amounts described in this paragraph are to be made by July 16, 2012 -- delivered to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612.  Plaintiff's attorneys will supply a W-9 form to Defendants for all payments described in this paragraph.  The Parties have not reached any agreement regarding Plaintiff's claims for attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved.

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties on the matters of injunctive relief and

damages, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief and damages described herein.  This Consent Decree and Order applies to Plaintiff's claims for injunctive relief and damages only and does not resolve Plaintiff's claims for attorneys' fees, litigation expenses, and costs, which shall be the subject of further negotiation and/or litigation.  The Parties stipulate that all Parties request that the Court not dismiss the case in its entirety as issues of statutory attorneys' fees, litigation expenses, and costs are still before the Court.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.   This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest, including without limitation any new tenants of the space currently occupied by FinFine Ethiopian Restaurant, of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.    Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief and damages aspects of this action only and does not include resolution of Plaintiff's claims for attorneys' fees, litigation expenses, and costs.

11.     Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for statutory attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with Plaintiff's claims for attorney fees, litigation expenses, and costs.

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-3781 MEJ

**TERM OF THE CONSENT DECREE AND ORDER:**

12.    This Consent Decree and Order shall be in full force and effect and the Court shall retain jurisdiction of this action for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.    Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE**
**AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: _6/4/12_ 2012          PLAINTIFF WALTER DELSON

_Paul Rein for Walter Delson_
WALTER DELSON
_per written power of attorney_

Dated: _6/4_ , 2012           DEFENDANT CYCT MANAGEMENT GROUP,
                              INC.

                              By: _____

                              Print name: _Charles Tu_

                              Title: _President_

Dated: _6/4_ , 2012           DEFENDANT KINGS TRIUMPH, LLC

                              By: _____

                              Print name: _Charles Tu_

                              Title: _On Behalf of_

Dated: _6/4_ , 2012           DEFENDANT LINDA YU-LING TU TRUST

                              By: _____

                              Print name: _Charles Tu_

                              Title: _On Behalf of_

Dated: _6/4_ , 2012           DEFENDANT LALEH HERAVI

                              _____
                              LALEH HERAVI

- 13 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-3781 MEJ

1   APPROVED AS TO FORM:

2

3   DATED: **6/4**, 2012          **LAW OFFICES OF PAUL L. REIN**

4

5                                 By: _____

6                                    Catherine Cabalo, Esq.
                                     Attorneys for Plaintiff
7                                    WALTER DELSON

8

9   DATED: **6/4**, 2012          **LOW BALL & LYNCH**

10

11                                By: _____

12                                   Laura Flynn, Esq.
                                     Attorneys for Defendants
13                                   CYCT MANAGEMENT GROUP, INC.;
                                     KINGS TRIUMPH, LLC; and LINDA YU-
14                                   LING TU TRUST

15
                                    **6/4**
16  DATED: _____, 2012         **SCHEER LAW GROUP**

17

18                                By: _____

19                                   Jonathan Seigel, Esq.
                                     Attorneys for Defendant
                                     LALEH HERAVI dba Fondue Fred
20

21

22

23

24

25

26

27

28                                    - 14 -

1

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

2

3

4
Dated: _____June 11_____, 2012

5
Honorable Maria Elena James
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C11-3781 MEJ