UNITED STATES DISTRICT COURT

For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES  DISTRICT COURT
9                     Northern District of California
10
11   WALTER DELSON,                          No. C 11-03781 MEJ
12              Plaintiff,                    **ORDER RE: PLAINTIFF'S MOTION
             v.                               FOR ATTORNEYS' FEES,
13                                            LITIGATION EXPENSES, AND
     CYCT MANAGEMENT GROUP, INC.;             COSTS** [ECF No. 23]
14   KINGS TRIUMPH, LLC; LINDA YU-LING
     TRUST; LALEH HERAVI dba Fondue Fred,
15
16              Defendants.
     _____/
17                          **I.  INTRODUCTION**

18        Plaintiff Walter Delson filed this action on August 1, 2011, against Defendants CYCT

19   Management Group, Inc., Kings Triumph, LLC, Linda Yu-Ling Trust, and Laleh Heravi, asserting

20   that the conditions of property known as The Village in Berkeley, California, which Defendants own

21   and operate, were not properly accessible to physically disabled persons such as Plaintiff.  Compl.,

22   Dkt. No. 1.  Plaintiff asserted claims pursuant to Title III of the Americans with Disabilities Act of

23   1990 (ADA), California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55, and California Health and

24   Safety Code sections 19955 *et seq.  Id.*

25        On June 11, 2012, the parties entered into a Consent Decree and Order as to injunctive relief,

26   which the Court approved on June 11, 2012.  Dkt. No. 21.  Although the parties were able to agree on

27   remedial measures to the property and damages, they did not reach an agreement as to Plaintiff's

28   demand for attorneys' fees and costs.  Consequently, Plaintiff filed the instant Motion for Attorneys'

1   Fees on November 2, 2013.  Mot., Dkt. No. 23.

2        On February 7, 2013, the Court held a hearing on the Motion.  After carefully reviewing the

3   parties' briefs and supporting materials, the Court GRANTS Plaintiff's Motion and awards Plaintiff

4   $73,009.50 in attorneys' fees and $8,842 in litigation expenses and costs.

5                                    **II.  BACKGROUND**

6        The relevant facts are as follows.  Due to paraplegia, Plaintiff is a disabled person who

7   requires the use of a wheelchair for mobility.  Compl. at ¶ 11.  On February 20, 2011, Plaintiff visited

8   The Village, a small shopping center in Berkeley, California, to have dinner at Fondue Fred

9   restaurant.  *Id.*  Plaintiff had difficulty gaining access to The Village complex and was unable to

10  access the complex's restroom.  *Id.*  In particular, Plaintiff alleged that he had difficulty "bumping"

11  his wheelchair up over a three to four inch change of elevation from the sidewalk to enter The Village

12  complex, was unable to access the two single-occupancy public restrooms because of an excessively

13  steep ramp with no handrails, and was unable to enter the restrooms because of the narrow width of

14  the doorways.  *Id*. ¶ 11.  As a result of these architectural barriers, Plaintiff alleged that he was denied

15  accessible facilities and experienced difficulty, discomfort, and embarrassment, as well as physical,

16  mental, and emotional harm.  *Id.*

17       On June 4, 2012, the parties executed a Consent Decree pursuant to which the parties settled

18  Plaintiff's claims for injunctive relief and damages.  *See* Dkt. No. 21.  Pursuant to the Consent

19  Decree, Defendants agreed to complete corrective work on the property to eliminate the barriers

20  Plaintiff encountered and to bring the property into compliance with ADA accessibility standards by

21  September 4, 2012.  *Id.* at ¶¶ 5-6.  Additionally, Defendants agreed to pay Plaintiff  $15,000 in

22  damages ($3,000 from Defendant Heravi and $12,000 from Defendants CYCT Management Group,

23  Inc., Kings Triumph, LLC, and Linda Yu-Ling Trust).  *Id.* at ¶ 7.  However, the parties did not reach

24  an agreement on the issue of attorneys' fees and costs.  *Id.* at ¶ 8.  As a result, Plaintiff filed the

25  instant Motion, requesting that the Court award $92,541.50 in attorneys' fees and $8,842 in costs and

26  litigation expenses.  *See* Mot. at 24; Reply at 15, Dkt. No. 37.  Defendants oppose Plaintiff's request

27  and ask that the Court reduce the fee award.  Opp., Dkt. No. 34.

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

2

UNITED STATES DISTRICT COURT
For the Northern District of California

### III.   LEGAL STANDARDS

**A.    Statutory Authority for Awarding Plaintiff Attorneys' Fees, Expenses, and Costs**

     1.    <u>Section 505 of the Americans with Disabilities Act</u>

In his third claim, Plaintiff asserted Defendants violated §§ 302 and 303 of the ADA, 42 U.S.C. §§ 12182 and 12183.  Compl. at 12-14.  Section 505 of the ADA provides, "in any action or . . . proceeding commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs."  42 U.S.C. § 12205.  Thus, Plaintiff may seek attorneys' fees, litigation expenses, and costs incurred in prosecuting his case under this statute.

     2.    <u>California Law Authorizing Fee Awards</u>

Plaintiff also asserted claims under California law pursuant to California Health & Safety Code section 19955 and 19955.5, and Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.  Compl. at 4-10.

California Civil Code section 54.1 provides that "individuals with disabilities shall be entitled to full and equal access . . . to accommodations, advantages, facilities [and] medical facilities[.]"  Cal. Civ. Code § 54.1 (a)(1).  This section defines "full and equal access" as "meet[ing] the standards of Title II and III of the Americans with Disabilities Act of 1990 . . . and the federal regulations adopted pursuant thereto [unless California laws prescribe to a higher standard]."  Cal. Civ. Code § 54.1 (a)(3).  Thus, any violation of an individual's right under the ADA also constitutes a violation of California Civil Code section 54.1.  *See* Cal. Civ. Code § 54.1(d).

Under section 55 of the Civil Code, "[a]ny person who is aggrieved by violation of Section [54.1] of this code . . . may bring an action to enjoin the violation.  The prevailing party . . . shall be entitled to recover reasonable attorney's fees."  Cal. Civ. Code § 55.

Concurrently, under Civil Code section 54.3, any person or business "that denies or interferes with admittance to or enjoyment of the public facilities as specified" in sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under sections 54, 54.1, or 54.2, "is liable for each offense for the actual damages and attorney's fees as may be determined by the

3

court in addition thereto." Cal. Civ. Code § 54.3.  Thus, California Civil Code §§ 54.3 and 55 entitles Plaintiff to seek attorneys' fees and costs incurred in this case.

Additionally, because Plaintiff sought to enforce disability access rights, Plaintiff may seek an award of fees under California's private attorney general statute, California Code of Civil Procedure section 1021.5.  This statute authorizes the court to award attorneys' fees to a successful litigant in any action which has resulted in the enforcement of an important right affecting the public interest. *See Skaff v. Meridian N. Am. Beverly Hills, LLC,* 504 F.3d 832, 843 (9th Cir. 2007).  Because Plaintiff's lawsuit resulted in proper access to The Village center for disabled persons, thereby vindicating an important public right and conferring a benefit on the public, Plaintiff may seek attorneys' fees under section 1021.5.  *See People ex rel Brown v. Tahama Cnty. Bd. of Supervisors*, 149 Cal. App. 4th 422, 448 (2007).

3. <u>Interplay Between Federal and California Law Authorizing Attorneys' Fees</u>

The Court has jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's ADA claim raises a federal question.  To the extent that the Court is exercising supplemental jurisdiction over Plaintiff's state law claims, the Court may also award attorneys' fees pursuant to California Civil Code sections 54.3 and 55, and Code of Civil Procedure section 1021.5.  *See Mannick v. Kaiser Found. Health Plan, Inc.*, 2007 WL 2892647, at *5 (N.D. Cal. Sept. 28, 2007) (citing *MRO Comm'cns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281-83 (9th Cir. 1999)). Because the ADA and California law both authorize fees awards in this matter, the Court will analyze Plaintiff's claim under federal law, except where California law provides for recovery unavailable under federal law.  *See George v. Bay Area Rapid Transit District*, 2007 WL 2778784, at *3 (N.D. Cal. Sept. 21, 2007)**.**

4. <u>Calculating Fees Under Federal Law</u>

In cases where attorneys' fees are authorized under federal law, district courts apply a two-step process to calculate the appropriate fee award.  *See Fisher v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the court calculates the presumptive fee award, also known as the

"lodestar figure," by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010); *Anatoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010). Second, "in appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) . . . that are not subsumed into the initial lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Specifically, the Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp.*, 6 F.3d at 622; *see also Perdue v. Kenney A ex rel Winn*, 130 S. Ct. 1662, 1673 (2010) (noting that the lodestar figure includes "most if not all of the relevant factors constituting a reasonable attorney's fee") (internal quotations omitted). Thus, in appropriate cases, the court may examine the remaining factors to determine whether an enhancement or decrease in the lodestar figure is warranted. *Clark v. City of Los Angeles*, 803 F.2d 987, 990 (9th Cir. 1986). However, there is a strong presumption that the lodestar figure represents a reasonable fee and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted).[1]

---

[1] For attorneys' fee awards authorized under California law, the Court applies a similar framework to determine the appropriate fee amount. The fee-setting inquiry in California begins with the lodestar, which represents the number of hours reasonably expended multiplied by the

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

### IV.  DISCUSSION

**A.  Overview of the Parties' Positions**

      1.  <u>Plaintiff's Requested Award of Fees, Litigation Expenses and Costs</u>

Plaintiff requests an award for attorneys' fee and costs on three different grounds.  First, Plaintiff contends that his success in receiving injunctive relief against the Defendants entitles him to an award for attorneys' fees, under § 505 of the ADA and California Civil Code section 55.  Mot. at 6.  Second, in addition to injunctive relief, Plaintiff also secured monetary damages against Defendants.  *Id.*  Because he obtained monetary damages, Plaintiff asserts that this entitles him to fees under section 54.3 of the California Civil Code.  *Id.*  Third, Plaintiff asserts that because the result benefitted an individual and the public, California Code of Civil Procedure § 1021.5 enables him to seek relief.  *Id.* at 6-7.

        *a.  Attorneys' Fees Requested*

Plaintiff requests that the Court award $47,719 in attorneys' fees incurred in bringing this lawsuit and $44,822.50 incurred in bringing this Motion.  *Id.* at 23; Rein Suppl. Decl., Dkt. No. 38 at 1.  The fee breakdown is as follows.

**Fees Incurred Through Consent Decree and Order**

| Attorney/Staff | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Paul Rein | 50.4 | $645 | $32,508 |

reasonable hourly rate.  *Center for Biological Diversity v. Cnty. of San Bernardino*, 185 Cal. App. 4th 866, 895 (2010); *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010).  The lodestar is considered the basic fee for comparable services in the legal community and it may be adjusted by the court based on several factors.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)).  The California Supreme Court has explained that "[t]he purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market value for such services." *Id.* (citing *Serrano*, 20 Cal. 3d at 49).  To determine whether a multiplier should be applied, the court considers the following factors: (1) the novelty or difficulty of the questions involved; (2) the expertise and capability of counsel; (3) the results obtained; (4) the contingent risk involved in the case; (5) the extent to which the nature of the litigation precluded other employment by the attorneys; and (6) whether the attorneys received public and/or charitable funding.  *Serrano*, 20 Cal. 3d at 48-49.

| | | | |
|---|---|---|---|
| Catherine Cabalo | 33.8 | $395 | $13,351 |
| Aaron Clefton | 9.3 | $200 | $1,860 |
| **TOTAL** | **93.5** | | **$47,719** |

**Fees Incurred For Work on Motion for Attorneys' Fees, Litigation Expenses and Costs**

| Attorney/Staff | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Paul L. Rein | 62.0 | $645 | $39,990 |
| Catherine Cabalo | 9.5 | $395 | $3,752.50 |
| Aaron Clefton | 5.4 | $200 | $1,080 |
| **TOTAL** | **76.9** | | **$44,822.50** |

Mot. at 24; Rein Decl., Ex. 9, Dkt No. 24; Cabalo Decl., Ex. 25, Dkt. No. 26; Clefton Decl., Ex. 26, Dkt. No. 28; Reply at 15; Rein Suppl. Decl. at 2, Dkt No. 38.

> b.   *Litigation Expenses and Costs Requested*

Pursuant to section 505 of the ADA, Plaintiff also seeks an award of $8,842 for litigation expenses and costs incurred in this lawsuit. Mot. at 23. Of that amount, Plaintiff's counsel incurred $6,602 on expert consultant fees and the remaining $2,240 on non-expert expenses. *Id.*

2.   Defendants' Challenges to Plaintiff's Requested Awards

Defendants do not dispute that Plaintiff is the prevailing party in this action or that Plaintiff is entitled to recover reasonable attorneys' fees and costs. However, Defendants dispute: (1) the reasonableness of the number of hours expended on the litigation by Paul Rein, Catherine Cabalo, and senior paralegal Aaron Clefton; and (2) the reasonableness of the hourly rate of $200 of Mr. Clefton. Opp. at 11-14.

**B.   Prevailing Party Status**

As indicated above, § 505 of the ADA authorizes an award of attorneys' fees to a party who prevails on a claim brought pursuant to the ADA. 42 U.S.C. § 12205. Under federal law, a party qualifies as a "prevailing party" for purposes of attorney fee-shifting statutes, such as § 505 of the ADA, when the party effects "a material alteration of the legal relationship between the parties [whereby] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against

the defendant." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). Here, it is undisputed that Plaintiff is the prevailing party for purposes of the fee request. Specifically, under the terms of the Consent Decree and Order, Plaintiff obtained significant injunctive relief in the form of Defendants agreeing to remediate the barriers Plaintiff identified at The Village center. *See* Dkt. No. 21 at 4 - 8. The Supreme Court has recognized that court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorneys' fees to a prevailing party under the ADA. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 604 (2001). Thus, Plaintiff is entitled to an award of attorneys' fees, litigation expenses, and costs under § 505 of the ADA. The Court therefore turns to the lodestar analysis to determine the reasonable fees Plaintiff may recover.

**C.     Calculation of the Lodestar Figure**

To determine the presumptive amount of attorneys' fees Plaintiff may recover, the Court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Intel Corp.*, 6 F.3d at 622. The Court will first evaluate whether Plaintiff's counsel's billing rates are reasonable and then will examine the reasonableness of the time billed.

1.     Counsel's Reasonable Hourly Billing Rates

a.     *Use of Counsel's Current Billing Rates*

Plaintiff seeks to recover fees for all work performed in this case at his counsel's 2012 billing rates, which are: (1) $645/hr. for Mr. Rein; (2) $395/hr for Ms. Cabalo; and (3) $200/hr for Mr. Clefton. Mot. at 24.

Defendants do not contest the hourly rates of Mr. Rein and Ms. Cabalo. Opp. at 13. However, Defendants challenge the reasonableness of Mr. Clefton's rate. *Id.* at 14. Defendants argue that "[t]he time records provided do not indicate all of the work performed by Mr. Clefton was especially challenging or demanding." *Id.* Particularly, Defendants argue that "work associated with scheduling the inspection is not entitled to compensation of $200 an hour (.90)." *Id.*

In response, Plaintiff argues that Mr. Clefton's rate is reasonable when compared to rates of

8

other paralegals with even less experience in the disability rights field. Reply at 13. The Court has reviewed Mr. Clefton's Declaration setting forth his education and experience and has also reviewed both the cases Plaintiff has cited, as well as other published decisions analyzing the reasonableness of Mr. Clefton's billing rate. Based on its review, the Court finds that Mr. Clefton's hourly rate should be set at **$175 an hour**, which represents a $10 increase from the $165 rate approved by other district courts in 2010 and 2011. *See Luna v. Hoa Trung Vo*, 2011 WL 2078004, at *11 (E.D. Cal. May 25, 2011); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1082, 1085 (N.D. Cal. 2010).

As indicated above, Defendants do not oppose either Mr. Rein or Ms. Cabalo's billing rates. Based on the Court's review of counsel's experience and education, as well as comparing those rates to other attorneys with equivalent skill, experience, and reputation in Northern California, the Court finds Mr. Rein's billing rate of $645 an hour and Ms. Cabalo's rate of $395 an hour to be reasonable in this case. *See* Rein Decl. at ¶¶ 24-36; Paradis Decl. at ¶¶ 7-9, Dkt. No. 25; Cabalo Decl. at ¶¶ 8-9, Dkt. No. 26; Gearinger Decl. ¶¶ 4-5, Dkt. No. 27. Thus, the Court will apply these rates when calculating the fee award.

2.      Reasonableness of Hours Expended in Litigating the Case

Having determined counsel's reasonable billing rates, the Court turns to the second component of the lodestar calculation: ascertaining the number of hours reasonably expended litigating this matter. The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spend. *Hensley v. Eckerhardt*, 461 U.S. 424, 434 (1983); *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The district court may exclude any hours that are excessive, redundant, or otherwise unnecessary. *Id*. at 434.

After the party seeking fees has come forward with its evidence supporting the time billed, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392,

9

1   1397-98 (9th Cir. 1992). The party opposing fees must specifically identify defects or deficiencies in

2   the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction

3   in fees. *Cancio v. Fin. Credit Network, Inc.*, 2005 WL 1629809, at *3 (N.D. Cal. July 6, 2005). Even

4   if the opposing party has not objected to the time billed, the district court "may not uncritically accept

5   a fee request," but is obligated to review the time billed and assess whether it is reasonable in light of

6   the work performed and the context of the case. *Common Cause v. Jones*, 235 F. Supp. 2d 1076,

7   1079 (C.D. Cal. 2002) (citing *Sealy, Inc. v. Easy Living*, Inc., 743 F. 2d 1378, 1385 (9th Cir. 1984));

8   *see also McGrath v. County of Nevada*, 67 F.3d 248, 254 n.5 (9th Cir. 1995) (noting that court may

9   not adopt prevailing party's representations without conducting an independent review of the fee

10  application).

11         Here, Plaintiff seeks compensation for 93.5 hours expended through the Consent Decree as

12  well as an additional 77.1 hours for work related to the attorneys' fees Motion. Mot. at 24; Reply at

13  15. Defendants oppose the amount of hours expended, arguing that Plaintiff's counsel overbilled for

14  routine tasks. Defendants have highlighted specific instances in which they believe Plaintiff's

15  counsel has overbilled. The Court will examine each of these entries.

16                    a.       Overbilling

17         Defendants have pointed to the following entries as evidence Plaintiff's counsel overbilled for

18  certain tasks. Opp. at 11-14.

19                    i.       Paul L. Rein

20         Defendants first contend that the 3.3 hours Mr. Rein billed for drafting the Complaint in this

21  matter was excessive. Opp. at 12. Defendants argue that, with the exception of the factual statement,

22  the Complaint mirrors those that Plaintiff's counsel filed in two prior cases that Plaintiff initiated. *Id.*

23  (citing *Delson v. Warsza Building P'ship*, Case No. C 11-01280 MEJ; and *Delson v. Thai Delight*

24  *Cuisine Co., Ltd.*, Case No. C 11-1464 EDL). The Court has reviewed the complaints filed in those

25  cases and agrees that they are substantially similar to the Complaint filed in this matter. However,

26  the Court disagrees with Defendants that 3.3 hours is an excessive amount of time to draft and revise

27  a complaint. The Court thus declines to reduce this time.

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

Next, Defendants argue that Mr. Rein billed approximately thirteen hours supervising other members of the office (co-counsel and staff).  Opp. at 13.  Defendants assert that they should not have to pay for training members of Mr. Rein's office.  *Id*.  The Court has thoroughly reviewed Mr. Rein's time entries regarding meetings with co-counsel and staff.  With the exception of his entry on May 29, 2012, which merely states "Meet w/ co-co," for which he billed .10 of an hour, the entries are not excessive or unjustified.  The Court will therefore reduce this time by .10 ($64.50).

### ii.    Catherine Cabalo

With respect to Ms. Cabalo, Defendants argue that they should not have to pay for the 1.4 hours she billed for filing initial disclosures and requiring tenant's counsel to consent to a magistrate judge.  Opp. at 13.  Reviewing Ms. Cabalo's time entries, she billed a total of 1 hour for communications with tenant's counsel regarding filing a consent form and for "receipt, review, and analysis" of that consent form.  The Court agrees with Defendant that given the simple nature of this task, an hour is an excessive amount of time.  The Court will therefore subtract 1 hour ($395).

Defendants also argue that the three hours Ms. Cabalo billed for meetings with co-counsel was excessive.  However, the Court disagrees with Defendants and finds that Ms. Cabalo specified the reasons for each of the meetings in her time sheets.  Therefore, the Court does not find it excessive.

### iii.    Aaron Clefton

As to Mr. Clefton, aside from generally challenging the reasonableness of Mr. Clefton's billing rate, the only specific entry Defendants challenge is the .90 of an hour Mr. Clefton billed for scheduling the site inspection.  Opp. at 14.  The Court disagrees with Defendants that this entry is excessive.

### b.    Duplicated Hours

Reviewing counsel's time sheets, the Court finds instances of double billing.  Particularly, Mr. Rein billed 16 hours for mediation preparation and attendance, while Ms. Cabalo billed 23.4 hours for preparation and attendance of the same mediation.  *See* Rein Decl., Ex. 9 at 5-7; Cabalo Decl., Ex. 1 at 4-6. Plaintiff has failed to articulate why it was necessary for two attorneys to attend the mediation

11

1   or why that amount of preparation was necessary for a case that was not complicated, especially for

2   attorneys with extensive experience handling such cases.  The Court will therefore subtract the 16

3   hours Mr. Rein billed for the mediation ($10,320).

4       3.    <u>Reasonableness of Fees Claimed for Attorneys' Fees Motion and Reply</u>

5       Plaintiff seeks $44,822.50 in attorneys' fees in connection with the instant fee motion.  The

6   breakdown is as follows.

| Attorney/Staff | Hours | Billing Rate | Total |
|---|---|---|---|
| Paul Rein | 62 total hours<br>(45.1 hours on the Motion)<br>(16.9 hours on the Reply) | $645 | $39,990 |
| Catherine Cabalo | 9.5 total hours | $395 | $3,752.50 |
| Aaron Clefton | 5.4 total hours | $200 | $1,080 |
| **Total** | **77.1** | | **$44,822.50** |

16       Defendants contend that "[a]ny fees and costs associated solely with [P]laintiff's filing of the

17   motion should not be allowed."  Opp. ay 9-10.  Specifically, Defendants indicate that they were in

18   negotiations regarding attorneys' fees, but Plaintiff's counsel stopped negotiating and instead filed

19   the instant fee motion.  *Id*. at 8.  The Court, however, is unpersuaded that whatever settlement

20   negotiations were occurring precluded Plaintiff from filing the instant Motion once he believed that

21   the negotiations would not be fruitful in resolving the issue.  The Court therefore turns to Defendants'

22   specific challenges to the time billed.

23       Defendants argue that the Declarations of Laurence Paradis and Brian Gearinger were

24   unnecessary given the fact that the Court has awarded Plaintiff's counsel the requested hourly rate on

25   numerous occasions and Defendants did not contest the hourly rates.  Opp. at 13.  Plaintiff responds

26   that, contrary to Defendants' representation, Defendants never agreed to stipulate to the

27   reasonableness of Plaintiff's counsel's hourly rates.  Reply at 9.  Further, Plaintiff asserts that

28

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

"[w]hile [P]laintiff's counsel have *settled* cases at formal ADR mediations based on their current hourly rates, they have never had their current hourly rates considered or approved by any court order in contested litigation . . ." *Id*. Thus, Plaintiff contends that it was necessary to support Mr. Rein and Ms. Cabalo's hourly rates with declarations from Paradis and Gearinger. The Court agrees with Plaintiff and therefore rejects Defendants' request to strike time billed in connection with obtaining the declarations.

Looking at the time Mr. Rein billed for work on the Motion, the Court agrees with Defendants that there are several instances of overbilling. As an initial matter, the Court questions why Mr. Rein – rather than Ms. Cabalo – exclusively handled the fees aspect of this case. Ms. Cabalo was lead counsel and handled the majority of the work on the matter prior to the Consent Decree. *See* Cabalo Decl. at ¶¶ 4-5. Had Ms. Cabalo, whose billing rate is $250 less per hour, handled the fees aspect of the case, this would have significantly reduced the amount of fees Plaintiff's counsel billed.

Further, Mr. Rein makes it clear that he has been successfully litigating disability access cases for 37 years and that numerous courts have approved his billing rates and awarded him fees in connection with such work. *See* Rein Decl. ¶¶ 28, 31. Thus, Mr. Rein has also has extensive experience in filing attorneys' fees motions in ADA cases, including a keen familiarity with the law authorizing fee requests. Not surprisingly, the discussion of statutes and cases supporting his fee requests cited in the instant Motion are substantially similar – and in some instances verbatim – to the legal standard sections in other attorneys' fees motions Mr. Rein filed in other recent cases, including *Blackwell v. Foley*, Case No. C 08-01971 MHP, Dkt. No. 37, and *Overbo v. Loews California Theatres, Inc.*, Case No. C 07-05368 MHP, Dkt. No. 58. While the factual and procedural background of each case may change, the authorities and arguments that Mr. Rein advances remain nearly identical. By the Court's count, Mr. Rein billed approximately 26 hours in connection with researching, drafting, and reviewing the instant attorneys' fees Motion. This excludes time billed for meeting with co-counsel and staff and preparing supporting declarations and materials. One of the trade offs of being an expert in a specific filed of law is the expectation that tasks will be completed with greater efficiency because the knowledge base and resources have already been well-established.

This is the case here, where segments of the attorneys' fee motion have already been researched, drafted, and reviewed in prior cases that Mr. Rein litigated.  Taking these factors into consideration, the Court in its discretion will deduct 13 hours from the time Mr Rein billed in connection with the fees Motion and Reply, or $8,385.

        4.    <u>Defendants' Remaining Challenges to the Award</u>

        Defendants argue that the Court should consider Plaintiff's counsel's failure to provide notice of the alleged violations prior to filing the lawsuit to reduce the amount of fees sought and cite *Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028 (C.D. Cal. 2005), in support.  Opp. at 9.  However, as Plaintiff correctly points out, the Ninth Circuit vacated and remanded the district court's decision in *Doran*.  *See Doran v. Del Taco, Inc.*, 2007 WL 1492921 (9th Cir. 2007).  Moreover, the Ninth Circuit later held in *Skaff*, 506 F.3d at 845-46, that "the ADA requires neither that plaintiffs give defendants pre-suit notice that they intend to sue, nor that plaintiffs give defendants an opportunity to cure the alleged violation or violations before filing suit as a pre-requisite to recovering attorneys' fees." Thus, Defendants challenge on this basis fails.

**D.**      **Evaluation of Plaintiff's Requested Litigation Expenses and Costs**

        Section 505 of the ADA authorizes a prevailing party to recover costs and litigation expenses, including expert witness fees.  42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002); *Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1036-37 (D. Or. 1990).  Here, Plaintiff seeks $8,842 in litigation expenses and costs.  Mot. at 23.  Of this amount, $6,062 relates to the expert consulting fees for access expert Peter Margen, who completed a pre-litigation investigation, conducted the formal site inspection pursuant to General Order 56, authored reports that Plaintiff provided to Defendants, attended the mediation, and consulted with Plaintiff's counsel regarding the terms of the injunctive relief.  Rein Decl. ¶ 38.  Defendants object to these costs, arguing that Plaintiff has not submitted any documentation as to Mr. Margen's qualifications and experience to support his $250 hourly rate.  Opp. at 14.  Defendants also argue that Plaintiff has not provided any documentation as to the work performed by Mr. Margen's assistant, Patricia Maruya. *Id.*  Defendants further contend that Plaintiff has not submitted invoices to support the costs incurred

14

UNITED STATES DISTRICT COURT
For the Northern District of California

1 for copying, overnight deliveries, and computer research. *Id.*

2      The Court raised these concerns at the hearing on this Motion and directed Plaintiff to file any

3 additional documentation to substantiate his costs. On February 7, 2013, Plaintiff filed a Declaration

4 from Steven Rein, the officer manager for the Law Offices of Paul Rein, which includes Mr. Margen

5 and Ms. Maruya's resumes, as well as invoices for the costs sought. The Court has reviewed these

6 materials and finds that Plaintiff has adequately substantiated his request for $8,842 in costs and

7 litigation expenses, including his expert costs from Mr. Margen and Ms. Maruya.

8 **E.    Joint and Several Liability of Defendants**

9      Plaintiff argues that because all Defendants signed the Consent Decree and Order, they are

10 jointly and severally liable for Plaintiff's attorneys' fees. Mot. at 8. It is well-established in this

11 Circuit that landlord and tenant have joint and several responsibility to a plaintiff for violation of the

12 ADA and are jointly and severally liable for a successful plaintiff's attorneys fees. *Kosloff v. Wash.*

13 *Sq. Ass'n*, 2007 WL 2023497, at *3 (N.D. Cal. July 12, 2007); *Blackwell v. Foley*, 724 F. Supp. 2d

14 1068, 1075 (N.D. Cal. 2010). Defendants have not presented any arguments challenging this

15 principle. The Court agrees with Plaintiff that Defendants in this matter are jointly and severally

16 liable for this award of fees and costs.

17 */ / /*

18 */ / /*

19 */ / /*

20 */ / /*

21 */ / /*

22 */ / /*

23 */ / /*

24 */ / /*

25 */ / /*

26 */ / /*

27 */ / /*

28

15

/ / /

**F.    Summary**

In sum, the Court awards attorneys' fees and costs as follows.

| Attorney/Staff | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Paul L. Rein | 83.3 (112.4 - 29.1) | $645 | $53,728.50 |
| Catherine Cabalo | 42.3 (43.3 - 1) | $395 | $16,708.50 |
| Aaron Clefton | 14.7 | $175 (Reduced rate) | $ 2,572.50 |

_____

Fee Total                                                            **$73,009.50**

_____

Costs/Litigation Expenses                            $ 8,842

=================================================================

**TOTAL AWARD OF FEES AND COSTS**            **$81,851.50**

### V.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (Dkt. No. 23) and awards Plaintiff $73,009.50 in attorneys' fees and $8,842 in costs and litigation expenses, for a total award of $81,851.50 against Defendants.

**IT IS SO ORDERED.**

Dated: April 30, 2013

_____
Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28